## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

MARILYN L. GREEN,                )
                                 )
        Plaintiff/Appellee,      ) Gibson Chancery No. 11761
                                 )
VS.                              ) Appeal No. 02A01-9601-CH-00014
                                 )
CARLOS EUGENE GREEN,             )
                                 )
        Defendant/Appellant.     )

### APPEAL FROM THE CHANCERY COURT OF GIBSON COUNTY
### AT TRENTON, TENNESSEE
### THE HONORABLE GEORGE R. ELLIS, CHANCELLOR

MARILYN L. GREEN, pro se
Trenton, Tennessee

**FILED**

**Jan. 23, 1997**

Cecil Crowson, Jr.
Appellate Court Clerk

L. L. HARRELL, JR.
HARRELL & HARRELL
Trenton, Tennessee
Attorney for Appellant

**AFFIRMED IN PART,  REVERSED IN PART
& REMANDED**

ALAN E. HIGHERS, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

In this divorce action, the trial court awarded Marilyn Green (the "Wife") a divorce from Carlos Green (the "Husband") upon the grounds of inappropriate marital conduct. Pursuant to a property settlement agreement, the parties agreed to sell the marital home by auction, pay the remaining indebtedness on the home and divide the proceeds equally. The parties agreed that the Wife would receive a Mercury automobile, a Ford Thunderbird automobile, the furniture, household furnishings and real estate located in the Eaton community. The parties agreed that the Husband would receive the farming equipment, guns, saddles and two pickup trucks. The trial court divided the remainder of the parties' property and awarded the wife a one-half interest in the Husband's retirement income and awarded the Husband a one-half interest in the Wife's retirement income. The court further awarded each party a one-fourth interest in a fifty-seven acre tract of land in the Eaton community and awarded each party a one-sixth interest in twenty acres of corn planted as of the date of the final divorce hearing. The court further ordered that the livestock owned by the parties be sold and the proceeds divided equally. The Husband has appealed the judgment of the trial court arguing that the trial court's division of property was improper. For the reasons stated hereafter, we reverse the judgment of the trial court as to the Wife's interest in a fifty-seven acre tract of land in the Eaton community and affirm as to the Wife's interest in twenty acres of planted corn.

**FACTS**

The parties were married on May 27, 1961. On June 12, 1961, the Husband began working at the Brown Shoe Company. Husband worked throughout the parties' marriage at the Brown Shoe Company until sometime in 1984 when the he retired.

After Husband retired from the Brown Shoe Company, he and his uncle, Wallace Brown, began farming certain pieces of land in order to earn additional income. Property that the Husband and Wallace Brown farmed included the Lancaster farm, the Myrtle Mallard farm and the Montie Gibson farm. With the Lancaster farm totaling approximately seventy-five to one hundred acres, the Myrtle Mallard farm totaling approximately twenty

2

to thirty acres and the Montie Gibson farm totaling three acres, Husband and Wallace Brown farmed approximately 120 acres of land per year. Under the arrangement established between the Husband and Wallace Brown, profits from their farming venture were divided equally between the Husband, Wallace Brown and the owner of the land. The year of the parties' divorce, Husband helped plant approximately twenty acres of corn on the Lancaster farm. Husband plowed and fertilized the land, and Wallace Brown paid for the seed and fertilizer and planted the seed.

The parties' residence is located on 2.2 acres of land which was deeded as a gift to the parties by the Husband's parents during the marriage.

In 1985, the Husband's parents conveyed a one-half interest in a fifty-seven acre tract of land surrounding the parties' residence to him. Thereafter, in 1986 the Husband's parents conveyed the remaining one-half interest in the fifty-seven acre tract of land to him. The Husband never paid any consideration to his parents for his interest in the fifty-seven acre tract of land. In June of 1994, the Husband conveyed a one-half interest in this fifty-seven acre tract of land back to his parents. Husband's father gave him the money to pay the taxes on this land. Husband's father had cattle on the land, but no crops were grown on this land. Husband had two cows and two calves on this tract of land at the time of the parties' divorce. Husband has spent no money in developing this fifty-seven acre parcel.

**LAW**

Husband raises two issues on appeal which are as follows:

1) Did the trial court err in awarding the wife a one-fourth interest in a fifty-seven acre tract of land located in the Eaton community; and

2) Did the trial court err in awarding the wife a one-sixth interest in twenty acres of planted corn?

The division of the marital estate necessarily begins with the classification of the parties' property as either marital or separate property. Brown v. Brown, 913 S.W.2d 163, 167 (Tenn. Ct. App. 1994); McClellan v. McClellan, 873 S.W.2d 350, 351 (Tenn. Ct. App. 1993); Batson v. Batson, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). Separate property includes "[a]ll real and personal property owned by a spouse before marriage" and "[p]roperty acquired by a spouse at any time by gift, bequest, devise or descent." Tenn. Code Ann. § 36-4-121(b)(2). Marital property includes "all real and personal property...acquired by either or both spouses during the course of the marriage" and "income from, and any increase in value during the marriage of, property determined to be separate property...if each party substantially contributed to its preservation and appreciation." Tenn. Code Ann. § 36-4-121(b)(1).

Gifts to one of the parties in a marriage are the separate property of that party. Tenn. Code Ann. § 36-4-121(b)(2); Evans v. Evans, 1996 WL 512027, at *2 (Tenn. Ct. App. 1996); See also, Jenkins v. Jenkins, 1995 WL 329138 (Tenn. Ct. App. 1995) (holding that husband's interest in a farm was separate property where husband received a one-third interest in an eighty acre farm as a gift from his mother); Rutledge v. Rutledge, 1995 WL 699986 (Tenn. Ct. App. 1995) (holding that a tractor was the separate property of the husband where wife admitted that husband received the tractor as a gift).

It is uncontroverted that the Husband's parents conveyed a one-half interest in the fifty-seven acre tract of land to him in 1985, and conveyed the remaining one-half interest in the property to him in 1986. The Husband paid no consideration for his interest in the property. Although the Husband later conveyed a one-half interest in the tract of land back to his parents in June of 1994, a one-half interest in the land remained with the husband at the time of the parties' divorce. Because the Husband's parents gratuitously conveyed the tract of land to him alone, the conveyance was a gift and is the separate property of the Husband. We, therefore, conclude that the trial court erred in awarding the Wife a one-fourth interest in this fifty-seven acre parcel of land.

4

The Husband also argues that the trial court erred in awarding the Wife a one-sixth interest in twenty acres of planted corn. We note, however, that all earnings accumulated by a party during the marriage is marital, and not separate, property. Wade v. Wade, 897 S.W.2d 702, 716 (Tenn. Ct. App. 1994). Moreover, Tenn. Code Ann. § 36-4-121(b)(1)(B) defines marital property as:

> all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

It is undisputed that the Husband helped plant the twenty acres of corn during the parties' marriage. Because the Husband acquired rights to the planted corn by virtue of his labors during the course of the parties' marriage, the planted corn is marital property. We, therefore, affirm the trial court's order granting the wife a one-sixth interest in the twenty acres of planted corn.

The judgment of the trial court is hereby reversed as to the Wife's interest in the fifty-seven acre tract of land in the Eaton community and is affirmed as to the Wife's interest in the twenty acres of planted corn.

Costs on appeal shall be divided equally between the parties for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
FARMER, J.


6